IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM K. OYADOMARI, | ) | CIVIL NO. 19-00656 JAO-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE |
| vs. | ) ) ) | |
| SUTHERLAND-CHOY, et al., | ) ) | |
| Defendants. | ) ) ) ) | |

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS
AND DISMISSING COMPLAINT WITHOUT PREJUDICE

On December 10, 2019, Plaintiff William K. Oyadomari ("Plaintiff"), who is self-represented and not incarcerated, filed a civil Complaint, ECF No. 1, against "Sutherland-Choy" and the "Honolulu Police."[1] On December 27, 2019, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Application"). ECF No. 4. Upon consideration of the Application and the financial information provided in support, the Court finds that Plaintiff does not provide sufficient information regarding his financial status, and therefore the Application is DENIED WITHOUT PREJUDICE. Moreover, upon screening the

---

[1] Plaintiff indicates he is not incarcerated, ECF No. 4 at 1, but that he has "2 years to go" in serving a sentence of probation. Compl. at 2.

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[2] for the following reasons, the Court concludes the Complaint fails to state a claim. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

Plaintiff indicates in his Application that he "receive[s] [$]744.00 monthly," which is composed of "[r]ent payments, interest, or dividends" and "[d]isability, or worker's compensation payments," and that his regularly monthly expenses total $540.00. App. at 1–2. Although Plaintiff was directed in the Application to "describe . . . *each* source of money and state the amount that [he] received and what [he] expect[s] to receive in the future," Plaintiff did not describe each source but instead only generally stated, "I receive 744.00 monthly." App. at

---

[2] With respect to proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> . . .
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

1 (emphasis added). Plaintiff also asserts that he does not have any money in cash or in a checking or savings account, does not own anything of value, nor does he have any debts or financial obligations. *See* App at 2.

"When a claim of poverty is made under section 1915 'it is proper and indeed *essential* for the supporting affidavits to state the facts as to affiant's poverty with some *particularity, definiteness and certainty*." *United States v. McQuade*, 647 F. 2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)) (emphasis added). Because Plaintiff did not fully complete the Application, it is unclear to the Court how Plaintiff earns "[r]ent payments, interest, or dividends" when he does not own anything of value nor have any money in a checking or savings account. The Court is therefore unable to ascertain whether Plaintiff is a pauper and cannot afford to prepay the costs of initiating this action. Accordingly, Plaintiff's Application is DENIED WITHOUT PREJUDICE.

Moreover, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concludes the Complaint fails to state a claim. A liberal construction of Plaintiff's Complaint, *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants.'" (citation omitted)), demonstrates that Plaintiff asserts some kind of violation of medical privacy laws

such as HIPAA.[3]  Plaintiff alleges:  (1) he was in Dr. Sutherland-Choy's office when a male undercover H.P.D. officer posed as a student and "spoke" with Plaintiff and "ask[ed]" Plaintiff "questions about [his] once a month Abilify shot"; (2)  this violated Plaintiff's rights because "police don't have legal law/s to be in a doctors [sic] office . . . due to medical protection act/s."  Compl. ¶¶ 3, 5.[4]

However, "[t]here is no express or implied private cause of action contained in HIPAA."  *Robinson v. Tripler Army Med. Ctr.*, CIV. NO. 04-00672 HG-KSC, 2005 WL 8158959 (D. Haw. 2005) (citing *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) (other citation omitted).  Again construing Plaintiff's Complaint liberally, it thus appears that Plaintiff asserts a cause of action under state law, although he does not identify what specific law was violated, and how and when it was violated.  But even if Plaintiff asserted a valid

---

[3]  The Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 201 *et seq.*, and accompanying regulations, requires, among other things, the protection and confidential handling of protected health information.

[4]  Notably, the remainder of Plaintiff's assertions are incomplete.  For example, Plaintiff appears to assert that Dr. Sutherland-Choy was required "to sign a document for police to be in her office," but Plaintiff does not indicate whether such document was not signed.  Compl. ¶ 4.  As another example, Plaintiff asserts that "no [one] notified me of police nor showed me a court order on police[']s behalf[] to be in Hale-o-ulu property (school)," but Plaintiff does not indicate the connection between Hale-o-ulu School and Dr. Sutherland-Choy's office.  As still another example, the Complaint also refers to a "2008 T.R.O. Rc # 22897 agenst [sic] Officer[] D. Souza and another officer," and "Terrorism stalking," but does not explain their significance.  Compl. ¶¶ 7–8.

state law claim, the Complaint is devoid of any explanation as to why the Court may exercise jurisdiction over it. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Here, the Complaint does not assert the amount in controversy, but merely states that Plaintiff seeks "a lumpsum settlement." Compl. at 2. Further, Plaintiff fails to allege his citizenship or that of the Defendants.[5]

The Court observes that Plaintiff may be asserting a 42 U.S.C. § 1983 claim for an unlawful search against the Honolulu Police Department because he states: "no [one] notified me of police nor showed me a court order on police[']s behalf[] to be in Hale-o-ulu property (school)." Compl. ¶ 9. To the extent Plaintiff may

---

[5] Defendant "Honolulu Police" and Plaintiff appear to both be citizens of Hawaiʻi, which does not permit the Court to exercise diversity jurisdiction. *See* Compl. at 2 (alleging that Plaintiff was "homeless" in Mililani in 2013); ECF No. 1-1 (showing Plaintiff's return address to be in "Mililani HI 96789").

bring a § 1983 claim against the City and County of Honolulu, which would be the proper municipal defendant,[6] Plaintiff does not indicate what Hale-o-lulu School is, the connection between him and the school, or any other specific allegations, such as when the alleged incidents occurred.

For all of these reasons, Plaintiff fails to comply with the requirements of Federal Rule of Civil Procedure 8, that complaints must include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and contain allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Ninth Circuit has explained why requiring concise and direct allegations in a complaint is so important, and the troubles that befall litigants and courts if claims proceed on inadequately pled complaints:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

---

[6] The Honolulu Police Department is a division of the City and County of Honolulu and is not separately subject to suit under § 1983. *See, e.g.*, *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1214 (D. Haw. 2012); *Reno v. Nielson*, --- F. Supp. 3d ---, Civ. No. 19-00418 ACK-WRP, 2019 WL 6883791, at *4 (D. Haw. Dec. 17, 2019) (citing *id.*).

> . . . .
>
> The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He [or she] then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim on which relief may be granted, and the Complaint is therefore DISMISSED WITHOUT PREJUDICE. Together with payment of the civil filing fee or an amended and completed Application to Proceed in District Court without Prepaying Fees or Costs, Plaintiff may file an amended complaint naming the correct defendants and addressing the foregoing deficiencies no later than **January 27, 2020**. Failure to do so will result in an AUTOMATIC DISMISSAL of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, January 6, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00656 JAO-KJM, *Oyadomari v. Sutherland-Choy, et al.*, ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE