IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM K. OYADOMARI, | ) | CIVIL NO. 19-00656 JAO-KJM |
|---|---|---|
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| vs. | ) | |
| SUTHERLAND-CHOY, et al., | ) | |
| Defendants. | ) | |

## **ORDER DISMISSING ACTION**

On January 6, 2020, the Court dismissed without prejudice self-represented Plaintiff William K. Oyadomari's ("Plaintiff['s]") Complaint, ECF No. 1, against Defendant "Sutherland-Choy" and the "Honolulu Police" for failure to state a claim. ECF No. 5 ("January 6 Order" or "Order"). The January 6 Order was served that day, by mail, to the address Plaintiff provided: 95-597 Wailoa Loop, Mililani, HI 96789. The Court granted Plaintiff leave to amend the Complaint by January 27, 2020 to cure the deficiencies identified in the Order, and warned Plaintiff that "[f]ailure to [file an amended complaint by January 27, 2020] will result in AUTOMATIC DISMISSAL of this action." *Id.* at 7. As of January 31, 2020, Plaintiff did not file an Amended Complaint.

Courts have the "authority . . . to dismiss a plaintiff's action with prejudice because of his failure to prosecute" in order to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (footnote omitted); *see also, e.g.*, *id.* at 630–31 (explaining that the purpose of Federal Rule of Civil Procedure 41(b) underscored courts' "'inherent power' . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (footnote omitted)); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte [in] certain circumstances." (citations omitted)). Unless a court's order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b).

Specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640–41 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d

1258, 1260-61 (9th Cir. 1992)). Although the Court recognizes that Plaintiff is self-represented, he is not exempt from complying with all applicable rules. *See* Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Upon careful consideration of these factors, the Court concludes that dismissal is warranted. The Court's January 6 Order was clear. The Court denied without prejudice Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("Application") because Plaintiff did not fully complete the Application:

> [I]t is unclear to the Court how Plaintiff earns "[r]ent payments, interest, or dividends" when he does not own anything of value nor have any money in a checking or savings account. The Court is therefore unable to ascertain whether Plaintiff is a pauper and cannot afford to prepay the costs of initiating this action.

ECF No. 5 at 3. Further, the Court dismissed without prejudice Plaintiff's Complaint for failing to state a claim on which relief may be granted upon liberally construing the Complaint and carefully screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). Although it appeared that Plaintiff asserted "some kind of violation of medical privacy laws," Plaintiff failed to identify "what specific law was violated, and how and when it was violated," and "why the Court may exercise jurisdiction over it." *Id.* at 4–5. Additionally, the Court explained that although Plaintiff appeared to assert a 42 U.S.C. § 1983 claim for an unlawful search against

3

the Honolulu Police Department, the proper municipal defendant was actually the City and County of Honolulu, and in any event, Plaintiff needed to provide more specific allegations. *See id.* at 5–6 (citing Fed. R. Civ. P. 8(a)(2), (d)(1)). After highlighting the Complaint's deficiencies, the Court concluded:

> Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim on which relief may be granted, and the Complaint is therefore DISMISSED WITHOUT PREJUDICE. Together with payment of the civil filing fee or an amended and completed Application to Proceed in District Court without Prepaying Fees or Costs, Plaintiff may file an amended complaint naming the correct defendants and addressing the foregoing deficiencies no later than **January 27, 2020**. Failure to do so will result in an AUTOMATIC DISMISSAL of this action.

ECF No. 5 at 7.

Given these circumstances and for the following reasons, the Court finds that the *Pagtalunan* factors support dismissal.

As to the first and second factors, Plaintiff's failure to comply with the Court's Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Sokolsky v. Meeks*, 789 F. App'x 63, 64 (9th Cir. 2019) (quoting *id.*). Further, the Court notes that excluding this civil action, it appears Plaintiff has filed in this district at least two other cases in 2019, two cases in 2017, and nine cases in 2016. In most of these cases, Plaintiff

4

was given the opportunity to amend his initially filed complaints, yet he failed to do so. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." *Pagtalunan*, 291 F.3d at 642 (citation omitted).

Third, Defendants have not yet been served, and therefore will not be prejudiced by dismissal. In any event, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Yourish*, 191 F.3d at 991–92 ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (alterations omitted))). Here, Plaintiff offers no excuse or explanation for his failure to file a First Amended Complaint as he has not responded to the Court's Order.

Fourth, there are currently no less drastic alternatives available. The Court attempted to avoid outright dismissal of this action by granting Plaintiff the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." (citation omitted)). This case cannot proceed without an operative pleading. Thus, alternatives to

dismissal are not appropriate here given Plaintiff's voluntary failure to comply with the Court's Order.

Although public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

Accordingly, this action is DISMISSED. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, January 31, 2020.

Jill A. Otake
United States District Judge

CV 19-00656 JAO-KJM; *Oyadomari v. Sutherland-Choy, et al.*; ORDER DISMISSING ACTION